UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICKIE WESTBROOK, SR.,
    - Plaintiff


v.                               CIVIL NO. 3:10-CV-1329 (TPS)


CITY OF MERIDEN,
MICHAEL S. ROHDE, MAYOR
MERIDEN POLICE DEPARTMENT,
CHIEF JEFFRY COSSETTE,
SERGEANT LESTER ZIMNOCH and
OFFICER GARY SZLACHETKA,
    - Defendants


## RULING ON DEFENDANTS' MOTION TO DISMISS

### I.   Introduction

The *pro se* plaintiff, Rickie Westbrook, Sr., brings this action against defendants City of Meriden ("City"), Meriden Police Department[1], Michael S. Rohde, Mayor of Meriden ("Mayor Rohde"), Chief Jeffry Cossette ("Chief Cossette"), Sergeant Lester Zimnoch ("Sergeant Zimnoch") and Officer Gary Szlachetka ("Officer Szlachetka") in their individual and official capacities. The

---

[1] Although a municipality is subject to suit pursuant to 42 U.S.C. § 1983, a municipal police department is not a municipality. See Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). A police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. See Cowras v. Hard Copy, Case No. 3:95cv99 (AHN), slip op. at 25 (D. Conn. Sept. 29, 1997). Because a municipal police department is not an independent legal entity, it is not subject to suit under § 1983. Accordingly, the plaintiff's claims against the Meriden Police Department are dismissed.

plaintiff alleges various violations of his rights by the defendants under the United States Constitution and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R. Civ.P.12(b)(6). For the reasons stated below, the defendants' Motion to Dismiss (**Dkt. # 17**) is GRANTED.

The following facts are taken from the plaintiff's complaint and the defendants' motion to dismiss. On July 4, 2010, at approximately 1:00 a.m., officers of the Meriden Police Department, including Sergeant Zimnoch and Officer Szlachetka, entered a residence and found a bag of marijuana under a bed in which the plaintiff was sleeping. The plaintiff was arrested and subsequently plead guilty in state court to possession of a controlled substance in violation of Connecticut General Statutes § 21a-279 (c). Prior to his conviction, the plaintiff was detained for about three days by the Meriden Police Department. Thereafter, on August 23, 2010, the plaintiff commenced this action, alleging various violations of his rights by the defendants during his arrest and detention.

## II. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility

of a complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc._, 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli_, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. Ashcroft v. Iqbal_, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Leeds v. Meltz_, 85 F.3d 51, 53 (2d Cir. 1996).

Under Twombly_, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; see also Iqbal_, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in Twombly and Iqbal obligates the plaintiffs to "provide the grounds of [their] entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly_, 550 U.S. at 555 (quotation marks omitted). *Plausibility* at the pleading stage is

-3-

nonetheless distinct from *probability,* and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." Id. at 556 (quotation marks omitted).

## III.    Discussion

Although the plaintiff's claims are neither divided into separate counts nor directed against the various defendants with any specificity, the plaintiff appears to allege the following against the City and its employees in their individual and official capacities: (1) a claim for cruel and unusual punishment in violation of the Eighth Amendment, (2) claims for unlawful search, wrongful arrest and "failure to read . . . rights," ostensibly in violation of the Fourth and/or Fifth Amendments, (3) claims for violation of rights arising under the Due Process and Equal Protection clauses of the Fourteenth Amendment and (4) a claim for discriminatory treatment under the ADA.  The defendants have moved to dismiss these claims on the basis that the plaintiff has failed to state any claim upon which relief can be granted, as well as for the additional reasons that under  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)*,* other relevant law and the defense of qualified immunity, neither the City nor its employees in their individual or official capacities can be held liable in this instance.

"In order to prevail on a claim against a municipality under

-4-

section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 f.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91).  To this end, the plaintiff's pleading is deficient in two major respects.  The plaintiff has failed to adequately state a claim upon which relief can be granted such that a jury might plausibly find a deprivation of a constitutional or statutory right in this instance.  The legal insufficiency of those claims are detailed herein.  Moreover, the plaintiff has failed to plead that his purported injuries were the result of an official municipal policy or custom, nor does the isolated incident recounted here plausibly lend itself to the conclusion that the City engaged in such conscious design.  Accordingly, this Court concludes that the plaintiff's claims cannot survive the defendants' motion to dismiss.

A.  *Plaintiff's Constitutional Claims*

The Eighth Amendment protection against cruel and unusual punishment, which the plaintiff invokes here, applies only after conviction.  See generally City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983); Bryant v. Maffucci, 923 F.2d 979, 983 (2d Cir. 1991).  As

-5-

one whose rights were purportedly violated *prior* to conviction, the plaintiff's recourse is through the Due Process Clause, not the Eighth Amendment.  <u>See generally</u> <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. at 244, 103 S.Ct. at 2983; <u>Bryant v. Maffucci</u>, 923 F.2d at 983.  Accordingly, the plaintiff has failed in this instance to state a claim upon which relief can be granted.

Likewise, the plaintiff's allegations that his rights were violated through the defendants' purported unlawful search, wrongful arrest, and failure to render a <u>Miranda</u> warning are also legally insufficient.  In regard to the plaintiff's allegation of unlawful search, the United States Supreme Court has stated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." <u>Id.</u>, 486-87.  Here, the plaintiff's underlying conviction for possession of a controlled substance in violation of General Statutes § 21a-279 (c) has not been overturned or so called into question, and consequently the plaintiff has failed to state a claim upon which relief can be granted in this respect.

In regard to the plaintiff's wrongful arrest claim, it is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor. Roesch v. Otarola, 980 F.2d 850, 852 (2d Cir. 1992). A criminal proceeding terminates in favor of the plaintiff only when its "final disposition is such as to indicate the accused is not guilty." Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980). In this case, the plaintiff plead guilty to the possession charge and as a result, the plaintiff's allegation of wrongful arrest is not a claim upon which relief can be granted.

The plaintiff has also failed to state a cognizable claim for the defendants' purported failure to read his rights to him at his arrest. Failure to inform plaintiffs of their rights under Miranda . . . does not, without more, result in § 1983 liability. While a defendant has a constitutional right not to have a coerced statement used against him, a defendant does not have a constitutional right to receive Miranda warnings. See New York v. Quarles, 467 U.S. 649, 654, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984) (defendant does not have a constitutional right to receive Miranda warnings because warnings are only a procedural safeguard designed to protect a person's right against self-incrimination). The remedy for a violation of the right against self-incrimination is "the exclusion from evidence of any ensuing self-incriminating

statements" and "not a § 1983 action." Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1174, 116 S.Ct. 1267, 134 L.Ed.2d 214 (1996). Although "[a]ction may exist under the Fifth Amendment self-incrimination clause if coercion was applied to obtain a waiver of . . . plaintiff['s] rights against self-incrimination," such an allegation was not made here. Deshawn E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998). The plaintiff has therefore failed in this respect to state a claim upon which relief can be granted.

Nor will the plaintiff find the reprieve he seeks in the Due Process and Equal Protection clauses. A violation of equal protection by selective enforcement arises if: (1) the person, compared with others similarly situated, was selectively treated; and (2) . . . such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. LaTrieste Restaurant & Cabaret Inc. v. Village of Port Chester, 40 F.3d 597, 590 (2d Cir. 1994) (quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980), cert. denied, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). In this instance, the plaintiff does not allege selective treatment based upon any kind of impermissible consideration. In the absence of the essential allegation that others were treated differently based on an unlawful consideration, the plaintiff's complaint is

wholly insufficient to state an equal protection claim.  Yale Auto Parts v. Johnson, 758 F.2d 54, 61 (2d Cir. 1985).

To prevail on a procedural due process claim, which the plaintiff also asserts here, one must first identify a property interest that is protected by the Constitution and, second, establish whether that property interest was deprived without due process.  See Mathews v. Eldrige, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).  Here, the plaintiff has not asserted that he was deprived of a constitutionally protected property interest, much less identified a property interest at stake in this matter. In the absence of alleging what sort of process he is entitled to or how it was denied, the plaintiff has failed to adequately state a claim upon which relief can be granted.  See Russo v. City of Hartford, 158 F.Supp.2d 214, 232 (D. Conn. 2001) (concluding that plaintiff who failed to allege the sort of process he was entitled or how such entitlement was denied to him asserted nothing more than bald assertions and conclusions of law, which did not suffice to state a claim).

To the extent the plaintiff alleges a violation of his substantive due process rights, such a claim is also not cognizable.  "It is for violations of . . . constitutional and statutory rights that 42 U.S.C. § 1983 authorizes redress; that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts

of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). As stated above, and elsewhere, the plaintiff has failed to sufficiently plead a violation of a federal right, and as a result, his substantive due process claim is also legally insufficient.

    B.  *Plaintiff's ADA Claim*

    The plaintiff also argues that the defendants violated his rights under the ADA by denying him medication and warm clothing during his term of detention. In order for the plaintiff to establish a *prima facie* violation under the ADA, he must demonstrate (1) that he is a "qualified individual" with a disability, (2) that the defendants are subject to the ADA, and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by the defendants, by reason of his disabilities. See Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998). For the following reasons, this Court concludes that the plaintiff has failed to state a *prima facie* ADA claim upon which relief can be granted.

    As an initial matter, and in regard to the second criterion, a claim under the ADA cannot be asserted against an individual, regardless of whether it is made against that individual in her official or individual capacity. See e.g., Menes v. CUNY Univ. Of New York, 92 F.Supp.2d, 306 (S.D.N.Y 2000). Rather, by its terms,

-10-

the ADA prohibits a "public entity," such as a municipality, from discriminating against a qualified individual with a disability. 42 U.S.C. § 12131.  Accordingly, the plaintiff cannot assert an ADA claim against Mayor Rohde, Chief Cossette, Sergeant Zimnoch and Officer Szlachetka in their individual or official capacity.

Yet even the plaintiff's ADA claim against the City is legally insufficient.  Crucially, the plaintiff does not establish that he is a qualified individual with a disability.  "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairments limits a major life activity.  See 42 U.S.C. § 12012(2)(A) (1994 ed.). . . . To qualify as disabled, a claimant must further show that the limitation on the major life activity is "substantia[l]."  42 U.S.C. § 12012(2)(A).  See Toyota Motor Mfg., Ky. Inc. v. Williams, 534 U.S. 184, 195, 122 S.Ct. 681 (2002).

Here, the plaintiff generally alleges that he suffers from "health problems," "medical conditions an[d] disabilities."  To the extent the plaintiff identifies specific ailments– namely, angina, lactose intolerance and fourteen missing teeth– he fails to plead that these physical conditions substantially limit a major life activity.  "Major [l]ife activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. § 1630.2(i).  A jury could not plausibly conclude that any of the

-11-

plaintiff's purported ailments qualify him as disabled within the meaning of, and to the extent contemplated by, the Act.  Without more, this Court cannot find that the plaintiff has stated a prima facie ADA claim against the City upon which relief can be granted.

   C.   *Plaintiff's Claims are Barred under Monell and the Defense of Qualified Immunity*.

   The plaintiff's allegations under the ADA and United States Constitutions are legally insufficient as a matter of law, but the dismissal of those claims against the City and its employees in both their official and individual capacities are doubly justified under <u>Monell</u> and the defense of qualified immunity.  Therefore, even assuming, *arguendo*, that the plaintiff has stated a claim upon which relief can be granted, his claims against the defendants are barred under our case law, which precludes liability of municipalities and those they employ under the circumstances alleged here.

   Section 1983 claims brought against municipal employees sued in their official capacity are treated as claims against the municipality itself.  <u>See</u> <u>Seri v. Town of Newtown</u>, 573 F.Supp.2d 661, 671 (D. Conn. 2008).  A plaintiff can only sue a municipality under 42 U.S.C. § 1983 for constitutional violations of its employees occurring pursuant to an official policy or custom. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). "Specifically, <u>Monell</u>'s policy or custom requirement is satisfied

where a local government has acquiesced in or tacitly authorized its subordinates' unlawful actions . . . Such a pattern, if sufficiently persistent or widespread as to acquire the force of a law, may constitute a policy or custom within the meaning of Monell." Reynolds v. Guiliani, 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted). Moreover, in order to state a cognizable claim against a municipality, a plaintiff must allege facts showing that he was denied his constitutional right as a result of an official policy or custom. See Garcia v. Rosario, No. 3:10-cv-795, 2010 WL 3724281, at *1 (D. Conn. Sept. 15, 2010) ("The city cannot be held liable just because it employs the officers who allegedly violated [plaintiff's] rights. There must be a direct casual link between municipal policy or custom, and the alleged constitutional deprivation.") (Internal quotation marks and citation omitted).

Here, the plaintiff has failed to allege facts showing that his rights were denied as a result of the City's official policy or custom, much less even superficially plead that such a policy or custom exists in the first place. Nor is it conceivable that such a claim could be plead in this instance with the requisite legal sufficiency to survive a motion to dismiss. The plaintiff's purported injuries stem from a single, isolated incident, namely, his arrest and subsequent detention by the Meriden Police Department. Without alleging more than one solitary occurrence of misconduct, the plaintiff cannot establish that he was denied a

constitutional or statutory right as the result of an official municipal policy or custom.  See Villante v. Dept. of Corrections of City of New York, et al., 786 F.2d 516, 519 (2d Cir. 1986) (stating "an isolated act of excessive force by a single, non-policymaking municipal employee, standing alone, is insufficient evidence" to establish policy or custom).  Therefore, even if the plaintiff had stated a claim upon which relief could be granted, the plaintiff would, nonetheless, have no recourse against the City and its employees in the absence of an official policy or custom infringing upon those rights.  The plaintiff's claims against the City and its employees in their official capacity must therefore be dismissed.

Nor, even if a claim had been stated, could the plaintiff recover from the City's employees in their *individual* capacity. The plaintiff has alleged no facts that can plausibly lead this Court to the conclusion that the defense of qualified immunity would not be available in this instance to the arresting officers, Sergeant Zimnoch and Officer Szlachetka.  See Lennon v. Miller, 66 F.3d 416, 420 (2d. Cir. 1995) (indicating that defendant is entitled to summary judgment on qualified immunity grounds when "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant[]" to believe that he was acting in a fashion that

did not clearly violate an established federally protected right). Nor, for that matter is there a plausible argument why Mayor Rohde and Chief Cossette should be subjected to liability in their supervisory capacity for their attenuated involvement in this incident.   See Rogoz v. City of Hartford, Slip Copy, 2012 WL 4372189 (D.Conn. September 24, 2012) (stating that dismissal of plaintiff's claims against supervisor in individual capacity is appropriate where plaintiff fails to establish factors indicating supervisory liability set forth in Colon v. Couglin, 58 F.3d 865, 873 (2d. Cir.1995)).   Accordingly, the plaintiff's claims against Major Rhode, Chief Cossette, Sergeant Zimnoch and Officer Szlachetka, in their individual capacities, must be dismissed.

## IV. Conclusion

For the foregoing reasons, the plaintiff's ADA and constitutional claims against the City, and its employees in both their official and individual capacities, are dismissed.   The defendants' Motion to Dismiss (**Dkt. # 17**) is GRANTED.

This case is before the undersigned pursuant to 28 U.S.C. § 636 (c) and D. Conn. Magis. R. 73(A)(1).  As such, this is a final ruling directly appealable to the United States Court of Appeals for the Second Circuit.  28 U.S.C. § 636 (c)(3); D. Conn. Magis R. 73(B)(1).  The clerk is directed to close this case.  **IT IS SO ORDERED.**

-15-

Dated at Hartford, Connecticut, this 5th day of January, 2013.


/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge